**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA J. VARBLE, | : | Case No. 2:26-cv-875 |
| Plaintiff, | : | |
| vs. | : | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| HON. ROBERT PARROTT, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS

Plaintiff, a county prisoner incarcerated at the Tri-County Regional Jail[1] in connection with Telecommunications Harassment charges, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in this Court. (Doc. 1). Plaintiff paid the full filing fee to commence this action.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). This matter is also before the Court for consideration of Motions to Dismiss by Defendants Honorable Robert Parrott and Assistant Law Director Julie Spain ("municipal Defendants") (Doc. 9), and

[1] According to publicly available on-line judicial records, on October 19, 2026, Plaintiff was sentenced to two years total prison time and ordered conveyed to the custody of the Ohio Department of Rehabilitation and Correction. https://eservices.co.union.oh.us/eservices/searchresults.page?x=o6LPdr3JOwnARmHHdrEU2ycq84TIbK-mFfb1*7uGA8K-Cegy46DHzMP10GrpnHF00IaOozc0W-gk*NEYILW9Fw Viewed under Plaintiff's name, Joshua Varble, and Case Number 26-CR-84. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Defendants Honorable Don W. Fraser and Honorable Scott N. Barrett ("county Defendants") (Doc. 10). For the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint and **DENY** the Motions to Dismiss (Docs. 9, 10) **as moot**.

The Court turns first to its *sua sponte* review of the Complaint.

## I. Legal Standard Under 28 U.S.C. § 1915

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Additionally, Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal*

and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Allegations and Parties

Plaintiff's Complaint claims that three state court judges, Judge Robert Parrott, Judge Don W. Fraser, and Magistrate Judge Scott N. Barnett; and one prosecutor, City of Marysville Assistant City Law Director Julie Spain, violated his civil rights by doing their jobs. (Doc. 1). According to Plaintiff, these Defendants violated his First, Sixth, and Fourteenth Amendment Rights by denying or obstructing his presence at, and participation in, his divorce proceedings, Union County Common Pleas Case 25-DR-30; and in the hearings on his wife's request for a civil protection order ("CPO"), Union County Common Pleas Case 25-DV-245. (Doc. 1 at 2–3).

As alleged, sometime in 2025, Plaintiff was convicted of telecommunications harassment in Marysville Municipal Court. (Doc. 1 at 3). Following his conviction, Marysville Municipal Court Judge Parrott entered a "No Contact Order" that prohibited Plaintiff from being physically present, or having any verbal communication, with his estranged wife for any reason. (*Id.*). This included barring his presence at divorce hearings at the Union County Court of Common Pleas and activities related to the children he shares with her. (*Id.*). Plaintiff contends that the order created an unconstitutional obstruction of his Sixth Amendment right to Due Process in civil proceedings. (*Id.*). He also believes the order was "outside" of Judge Parrott's "jurisdiction," seemingly because the No Contact Order applied to hearings and activities related to other courts. (*Id.*).

Despite the No Contact Order and his incarceration, Plaintiff moved in the Union County Court of Common Pleas to attend hearings in person. (*Id.* at 3–5). Specifically, he wanted to

attend a hearing on a civil order of protection ("CPO") petition brought by his wife against him. (*Id.*). Plaintiff alleges that Union County Magistrate Judge Barrett "ensur[ed] that Plaintiff could not attend" the CPO hearing because he set the hearing while Plaintiff's was incarcerated. (*Id.*). So Plaintiff handwrote a motion stating that he planned to represent himself and would need to be present to provide testimony and cross-examine his wife. (*Id.* at 3). When the Clerk of Courts replied that the court does not accept handwritten motions and that Plaintiff should retain counsel, Plaintiff understood the court to be "directly opposing the legitimate claims and current knowledge . . . that Plaintiff was representing himself." (*Id.* at 3–4).

Magistrate Judge Barrett conducted the CPO hearing without Plaintiff present and, according to Plaintiff, "without providing any remedy for Plaintiff to provide testimony or represent himself at law." (*Id.*). Magistrate Judge Barrett issued a 5-year CPO, and Judge Don Fraser affirmed the CPO. (*Id.*). Yet, on January 13, 2026, Magistrate Barrett granted Plaintiff's motion to set aside the CPO on grounds that Plaintiff had not been properly served. (*Id.*). Though Magistrate Judge Barrett set a new hearing on the CPO petition, Plaintiff contends, he "improperly [kept] in effect the prior issued civil protection order stemming from an improper hearing . . . ." (*Id.*).

Before the new hearing, Plaintiff submitted to the Marysville Municipal County Court that "restrict[ing]" his "participation" would "result in an unfair and improper advantage to his spouse." (*Id.* at 5). In response, Prosecutor Spain requested that Plaintiff have "no direct contact with the victim during hearings, including verbal engagement." (*Id.*). Plaintiff claims this request was "unconstitutional" because as a self-represented respondent, he "must [have been] afforded the right to cross-examine any of [his wife's] testimony." (*Id.*). And Plaintiff moved for a

continuance, asserting that both Judge Parrott and Prosecutor Spain were engaging in obstruction. Magistrate Barrett denied the request. (*Id.*). Plaintiff filed motions requesting clarification on his participation in the CPO hearing in both with the Marysville Municipal Court and the Union County Common Pleas Court. (*Id.* at 6). But he says he was ignored. (*Id.*). On March 17, 2026, both the CPO hearing and the divorce trial proceeded without Plaintiff. (*Id.*). Ultimately, Judge Barrett issued a 5-year CPO, and Judge Fraser again affirmed Magistrate Judge Barrett's order. (*Id.* at 6–7).

In sum, Plaintiff alleges that all these actions show that the Judges and Prosecutor "continued and seemingly infinite conspiratorial actions and inactions" in violation of his constitutional rights. (*Id.* at 1, 7–8). Plaintiff seeks injunctive and declaratory relief to "ensure" that his First, Sixth, and Fourteenth Amendment rights are "no longer violated" in future proceedings or appeals. (*Id.* at 8).

## III. Analysis

Based on the above allegations, the Court understands Plaintiff raises, under 42 U.S.C. § 1983, violations of his First Amendment right to free speech; his First, Sixth and Fourteenth Amendment rights to be heard, to be physical present, and to testify in legal proceedings; and his Fourteenth Amendment right to equal protection. (Doc. 1 at 2). While there are several fatal flaws to Plaintiff's Complaint, the Undersigned addresses only the most obvious.

Judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. . . . Accordingly, judicial immunity is not

overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. Here, Plaintiff's claims against Defendants relate to their actions they took while functioning in their judicial capacity during the relevant state court cases, such as their unfavorable rulings against Plaintiff or their responses (or non-responses) to his various motions and complaints. *See Owen v. Cole*, No. 1:21-cv-179, 2021 WL 1293087, at *3 (S.D. Ohio Apr. 7, 2021) (finding that a "litigant cannot sue a judge because [they] are unhappy" with a judge's decisions, such as dismissing a case).

Notably, judicial immunity generally extends to claims for declaratory and injunctive relief—the type of relief Plaintiff seeks here. *Cooper v. Rapp*, 702 Fed. App'x 328, 333 (6th Cir. 2017). The exceptions to the rule are narrow. To receive declaratory or injunctive relief against a judicial officer under § 1983, the judge must have violated a declaratory decree or declaratory relief must otherwise be unavailable. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."). In addition, there must be "an absence of an adequate remedy at law." *Tarabein v. Scully*, No. 24-0274-TFM-MU, 2025 WL 1482009, at *6 (S.D. Ala. Jan. 31, 2025); *Nevils v. Binkley*, 2013 WL

2359629, at *2 (S.D. Ohio May 29, 2013); *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (citing 42 U.S.C. § 1983).

Here, Plaintiff seeks relief from adverse decisions issued by the state courts. He has an adequate remedy at law—appealing the state court judgment to the appropriate higher state court. *Nevils*, 2013 WL 2359629, at *2. Since state law provides an adequate remedy for plaintiff to challenge his case, the appropriate avenue for redress is an appeal. For this reason, the defendant judges in this case are immune from Plaintiff's claims for declaratory and injunctive relief.

Similarly, Prosecutor Spain, who serves as the City of Marysville Assistant City Law Director, enjoys prosecutorial immunity. (Doc. 1 at 1). Prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotations omitted). "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Id.* at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 433 n.33 (1976)). Plaintiff has not alleged facts that would show that Defendant Spain was not acting as an officer of the court at the time of her alleged misconduct of filing a motion which Plaintiff believes was unconstitutional.

In sum, the Undersigned concludes that Defendants are immune. As such, Plaintiff's Complaint should be dismissed in its entirety.

## IV. Motions to Dismiss (Docs. 9, 10)

Defendants moved, under Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's claims. Because the Undersigned otherwise recommends that Plaintiff's Complaint be dismissed, the Court need

not address the arguments raised in the Motions. Consequently, it is **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 9, 10) be **DENIED as moot**.

## V. Motion to Temporarily Amend Address

It appears that Plaintiff may no longer live at the address on file with the Court. (Doc. 11). Accordingly, the Clerk is **DIRECTED** to send all mail to both Plaintiff's prison address on file and his additional address:

Joshua Varble
6940 Rieber St.
Worthington, OH 43085

Plaintiff should file a notice of change of address with the Court when his prison address changes. Ultimately, it is his responsibility to provide an updated, correct, and legible address where mail from the Court may be sent, as he has done.

## VI. Conclusion

The Undersigned concludes that Plaintiff's claims should be **DISMISSED** and that Defendants' Motions to Dismiss (Docs. 9 and 10) should be **DENIED as moot**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's Complaint in its entirety for failure to state any claims for relief.

2. The Court **DENY** Defendants' Motions to Dismiss (Docs. 9 and 10) as moot.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

4. The Clerk of this Court is **DIRECTED** to send a copy of this order to both his address on file and his additional address listed above. (Doc. 11).

**IT IS SO RECOMMENDED.**

November 25, 2026

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).